UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES | : | 16 CR. 065 (BAH) |
| v. | : | |
| JOSE GONZALEZ-VALENCIA | : | |
| AND | : | |
| GERARDO GONZALEZ-VALENCIA | : | |
| Defendants. | : | |

**DEFENDANT JOSE GONZALEZ VALENCIA'S
UNOPPOSED MOTION TO CONTINUE TRIAL DATE**

Defendant Jose Gonzalez-Valencia respectfully moves this Court to continue the trial of this case, currently scheduled for September 12, 2022, for approximately four months, until the end of January 2023. As explained in greater detail herein, undersigned needs the additional time to prepare for the trial of this case.

Undersigned has personally spoken and consulted with counsel for the co-defendant, Gerardo Gonzalez-Valencia. While the co-defendant had previously requested the most prompt trial date available, the joinder of the co-defendants has prompted a reconsideration of that decision. Undersigned represents that Gerardo Gonzalez-Valencia does not object to the requested continuance and is prepared to waive his Speedy Trial rights if the Court is so inclined to grant the Motion.

In addition, undersigned has personally spoken with the prosecutors assigned to this case and represents that they take no position as to the requested continuance.

Undersigned entered an appearance for defendant Jose Gonzalez-Valencia on March 9, 2022. During the ensuing three months undersigned has received what can fairly be described as

1

an enormous amount of discovery, which consists of: (1) Title III wiretap applications and Orders; (2) thousands of intercepted Blackberry messages and attachments from thirty-nine (39) target devices; (3) reports of drug seizures and arrests in Mexico, the United States, and in international waters: (4) extraditions materials for both defendants; and (5) other miscellaneous discovery.

      The defense team for defendant Jose Gonzalez-Valencia has dedicated a significant amount of time over the course of the last three months reviewing these materials, then printing and organizing them. That process has not been completed because of the voluminous nature of the discovery. The discovery must also be reviewed in person with the defendant, a task that is not merely time consuming, but has also been complicated by the COVID situation at the D.C. jail, where Mr. Gonzalez-Valencia is housed. For example, the defendant was returned to "quarantine" status for the last two weeks (even though the jail never administered a COVID test) and no in person legal or video visitation was been permitted. This lockdown situation could very well pose an increasing impediment to counsel's ability to prepare his client for trial.

      Independent of the need to review the discovery in this case, undersigned also faces a looming deadline for the filing of pre-trial motions, which will otherwise divert counsel's time from continuing his review of discovery. Finally, undersigned needs to not only review the discovery, but independently investigate the underlying factual allegations in the case and conduct a defense investigation as well.

      Undersigned has worked more than diligently to prepare this case for the September 12, 2022 trial, but additional time is definitely needed to be ready to defend this case. Undersigned has represented defendant Jose Gonzalez-Valencia for approximately three months, while

counsel for the co-defendant has had since approximately May of 2020 to prepare for this case; undersigned is asking for less than half that time to similarly prepare.

Finally, oftentimes defense counsel phrase a motion to continue in terms of not being able to provide "effective assistance of counsel" to their client. The charges against defendant Jose Gonzalez-Valencia are extraordinarily serious and undersigned is not seeking to provide the constitutionally guaranteed minimum assistance of counsel pursuant to *Strickland v. United States* and its progeny, but rather to provide exemplary assistance to his client. The additional time is necessary to provide that level of representation. Defendant Jose Gonzalez-Valencia also agrees to a waiver of his Speedy Trial rights until the trial of this case.

For all these reasons, undersigned asks this Court to continue the trial of this case until late January 2023.

An appropriate Order is attached hereto for the Court's consideration. [1]

                                              Respectfully submitted,

                                              *Robert Feitel*

                                              _____
                                              Robert Feitel, Esquire
                                              Law Office of Robert Feitel
                                              1300 Pennsylvania Avenue, N.W.
                                              #190-515
                                              Washington, D.C.  20008
                                              D.C. Bar No. 366673
                                              202-450-6133 (office)
                                              202-255-6637 (cellular)
                                              RF@RFeitelLaw.com

---

[1] If the Court grants this motion, the parties have agreed to submit a Proposed Joint Scheduling Order for the Court's consideration with the exception of filed dispositive motions.

CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing was sent via ECF to Trial Attorneys Kaitlin Sahni, Kate Naseef, Kirk Handrich, Narcotic and Dangerous Drug Section, and Stephen Best and Lily Anne Sanchez, counsel for co-defendant Gerardo Gonzalez-Valencia, this 25th day of May, 2022.

*Robert Feitel*

_____

Robert Feitel